## LONDON v. OVERBY & WIFE.

PARTITION: *None where title is in dispute, &c.   Ejectment by co-tenant.*

 Partition can not be had of lands held adversely, or the title to which is in dispute, unless the lands be vacant and not in actual possession. Where the cotenant has been ousted or his rights totally denied by his cotenant, his remedy is by ejectment in which he may recover his just proportion of the land and also of the rents and profits.

APPEAL from *Arkansas* Circuit Court in Chancery.
HON. X. J. PINDALL Circuit Judge.

*W. H. Halliburton,* for appellant:

Appellant and appellees were tenants in common, and the possession of one is the possession of all .*Segwick & Wait on trial of title to land.   Par.,* 276 ; *and note* 2.

Before a tenant in common can set up limitation or adverse possession he must disavow and disclaim his trust or cotenancy, and there must be some notorious act asserting entire ownership and that brought home to the knowledge of the cotenant. *Ib. par.* 279 *&* 280 ; 2 *Greenl. Ev. par.,* 430 ; *Angell on Limitation, Ch.,* 5. *p.* 91 ; 4. *How. U. S., p.* 286.

That this relationship existed. See *Drennan v. Walker,* 21 *Ark.,* 553. *Byers v. Danley,* 27 *Ark.,* on which appellees rely, is not an analogous case, for there the parties claimed under distinct and adverse claims ; here both claim under T. E. Ball.

SMITH, J.  London filed his bill for partition of eighty acres of land, claiming to be the owner of an undivided one third share or part thereof. The answer denied that the plaintiff had any interest in the premises and alleged that the defendant, Mary Overby was seized in fee and in actual possession of the whole tract. The proofs showed that Mrs. Overby, through her tenant had

been in possession for three or four years, enjoying the rents and profits, without accounting to the plaintiff or those under whom he claimed, and without acknowledging his title. The Circuit Court dismissed the bill without prejudice to the plaintiff's right to bring an action at law.

In *Byers v. Danley*, 27 *Ark.*, 77, it was ruled that partition could not be had of lands held adversely, or the title to which was in dispute ; an exception being made in favor of vacant lands, where there is no actual posession, but only that constructive possession which is connected with the legal title. That decision was in accord with the general current of adjudications in those States where the powers of a Court of Chancery to try disputed questions of titles have not been enlarged, as may be seen by reference to *Freeman on Cotenancy and Partition*, *Secs.* 447, 501 *et seq* and cases there cited.

Partition was originally only a possessory action. It left the title where it found it. It lies only for those who are in possession as joint tenants, tenants in common or coparceners. *Gantt's Digest, Sec.* 4308.

If the plaintiff is a tenant in common with Mrs. Overby and has been ousted, or his rights totaly denied by his cotenant, his remedy is plain, adequate and complete at law, viz: by ejectment, in which action he may recover his just proportion of the land and also of the rents and profits. *Gantt's Digest, Sec.* 2259 ; *Trapnall v. Hill*, 31 *Ark.*, 345.

The court might, instead of dismissing, have retained the bill for a reasonable time, with liberty to the plaintiff to bring such action as he might be advised to establish his title. But this was matter of discretion and the plaintiff's right to litigate the title is saved.

Affirmed.