## EAGLE v. FRANKLIN.

Opinion delivered July 15, 1903.

1.  PARTITION—ADVERSE POSSESSION.—An answer to a bill for partition which alleges that defendant is in adverse possession of the land states a good defense. (Page 545.)

2.  SAME—PRACTICE.—Where the defense of adverse possession is set up in a suit for partition, the court may, in its discretion, retain the cause on its docket and allow plaintiff time in which to establish title in an action of ejectment. (Page 545.)

Appeal from Nevada Circuit Court in Chancery.

JOEL D. CONWAY, Judge.

Reversed.

STATEMENT BY THE COURT.

Barbara Franklin brought this action in the circuit court to obtain a decree for partition of certain lands described in the complaint, and which the complaint alleged were owned by the plaintiff and defendant as tenants in common.

The answer of the defendant set up that he was in the actual possession of the land under claim of title to the whole tract. From the facts stated in the pleadings in the complaint, it appears that the land in question was purchased from the state by Julius Eagle's brother of the plaintiff and defendant. This brother afterwards died, leaving surviving him a mother and the parties to this suit as his heirs at law. The mother took possession of the land, and afterwards sold and conveyed it by warranty deed for valuable consideration to the defendant in this action. The defendant in his answer alleges that he is in actual possession of the land holding it adversely under the deed from his mother, and that he is the sole owner of the land. The court sustained a demurrer to this answer, gave judgment in favor of plaintiff, and defendant appealed.

*C. C. Hamby,* for appellant.

The answer of defendant was good, and the issues raised should

be tried by a jury in an action of ejectment. 40 Ark. 155; 56 Ark. 391.

*G. R. Haynie,* for appellee.

The demurrer was properly sustained. 30 Ark. 362; 31 Ark. 345; 41 Ark. 17; Sand & H. Dig., § 2479; 52 Ark. 55. A superior title should have been shown by appellant. 52 Ark. 290; 53 Ark. 449; 50 Ark. 562. Defendant should have filed exhibits of his title. Sand. & H. Dig., § 2578; 43 Ark. 296. The allegation of adverse possession, without facts showing an ouster, is not sufficient. 31 Ark. 345; 40 Ark. 155; 61 Ark. 527. A defendant in equity must answer fully and fairly. 15 Ark. 192; 24 Ark. 410; 33 Ark. 222; 7 Ark. 282.

RIDDICK, J., (after stating the facts). To entitle one to have partition of lands, he must not only have title, but must have possession, either actual or constructive, of the lands which·he asks to have partitioned. If there be no dispute about the title, the possession of one tenant in common will be deemed for the benefit of all his co-tenants; but, if the allegations of the answer in this case are true, the defendant is in the exclusive possession of the premises which plaintiff seeks to have partitioned, holding them adversely under color of title.

The answer, therefore, if we follow our former decisions, sets up a good defense to the action of partition, and we are of the opinion that the court erred in sustaining a demurrer to it. *Ashley* v. *Little Rock,* 56 Ark., 391; *Criscoe* v. *Hambrick,* 47 *Ib.,* 235; *Moore* v. *Gordon,* 44 *Ib.,* 334; *London* v. *Overby,* 40 *Ib.,* 155.

The adverse possession of the defendant, if proved, will defeat the action for partition, but the court may, if it sees proper to do so, retain the cause on its docket, and allow plaintiff time in which to establish her title by an action at.law. *London* v. *Overby,* 40 Ark. 155.

Reversed and remanded, with an order to overrule the demurrer, and for further proceedings.

BUNN, C. J., (dissenting). This is a bill in chancery to partition certain lands between the heirs at law of Julius A. Eagle, deceased, including a claim of $150 rents, in the hands of one of them who is in possession, to-wit, the appellant, John L. Eagle. The complaint states that on or about the ―― day of ――――, 18―, one John A. Eagle and one Barbara ―――――― were lawfully mar-

ried, and that the fruits of this wedlock were five children, to-wit: Julius A. Eagle, Don M. Eagle, John L. Eagle, Joseph Eagle and the plaintiff, Barbara A. Franklin, nee Eagle; that the said Julius A. Eagle purchased from the state of Arkansas the northeast quarter of section 36, in township 11 south, of range 21 west, lying and being situate in Nevada county, Arkansas, and received his deed from the commissioner of state lands, dated 13th day of August, 1884. That the said Julius A. Eagle departed this life on the 26th day of August, 1890, without issue, unmarried and intestate, the father, the said John A. Eagle, having previously departed this life, to-wit, on the 26th day of October, 1886; that the lands, being a new acquisition by the said Julius A. Eagle, ascended to the mother, Barbara A. Eagle, to be held by her for and during her natural life, by the law of descent and distribution; that on the 17th day of September, 1898, the said Barbara A. Eagle, the mother, departed this life, leaving the parties hereto, D. M. Eagle, John L. Eagle and Barbara A. Franklin, the only surviving heirs of the said Julius A. Eagle, the said Joseph Eagle having previously died without issue, unmarried and intestate. The prayer of the petition was that a partition of said lands be made between these remaining heirs, and that John L. Eagle account for rents as aforesaid, he being in possession.

To the petition the said John L. Eagle made answer, setting up that he had purchased a title in fee from the mother, Barbara A. Eagle, to the land in question in her lifetime, to-wit, on the 21st day of June, 1895, and received his deed of that date from her accordingly. And he further alleged that he claimed under said deed, and not as an heir of his brother, Julius A. Eagle, deceased. He also denied that the court trying the cause had jurisdiction thereof, or to partition said lands. But in his answer he fails to controvert the averment of the complaint that the mother, under whom he claimed, held under her deceased son by inheritance, and thus the statement of that fact was also admitted to be true, and the issue thus made was only a conclusion of law, to-wit, whether the mother held an estate in fee, or only a life estate, for her deed to him carried no greater estate than she held. This was the sole question raised by the demurrer of plaintiff to defendant's answer —a question of law, of course, which could only be raised by the demurrer, or some other plea in the nature of a demurrer.

"Neither presumption of law, nor matter of which judicial

notice is taken, need be stated in a pleading." Sand. & H. Dig., § 5751.

Julius A. Eagle died on the 26th of August, 1890, and the father died on 26th of October, 1886, four years prior to the death of the son.

Section 2479, Sand. & H. Dig., reads: "In cases when the intestate shall die without descendants, if the estate come by the father, then it shall ascend to the father and his heirs; if by the mother, the estate, or so much thereof as came by the mother, shall ascend to the mother and her heirs; but if the estate be a new acquisition, it shall ascend to the father for his lifetime, and then descend in remainder to the collateral kindred of the intestate in the manner provided in this act; and, in default of a father, then to the mother for her lifetime; then to descend to the collateral heirs as before provided." This section was construed in *Kelly* v. *McGuire,* 15 Ark. 555.

The estate of Julius A. Eagle was a new acquisition. He died without issue, unmarried and intestate. There was a default of a father living, the father having previously departed this life. The mother was living at the time of the death of Julius, and she inherited his lands, but only to the extent of a life estate therein. When the mother died, the fee descended to the surviving brothers and sister of Julius A. Eagle. The mother could only carry a life estate to the appellant, John L. Eagle.

Taking the facts set up in the complaint as true, the mother held only an estate in her deceased son's land for and during her natural life, and on her death the same fell to the two surviving brothers and the one sister of the intestate.

The answer of the defendant, John L. Eagle, failing to deny any of the facts alleged in the complaint, thereby admits them to be true. He sets up no contradictory facts in support of his claim to be the owner in fee by reason of a deed in fee from his mother; that is, sets up no other facts in respect to the title of his mother than those contained in the complaint. He therefore makes no issue of fact with the plaintiff. He fails to comply with the statutory rule of pleading if he would controvert the statements of fact of the complaint. Sand. & H. Dig. § 5722; also § 5761, *Id.* It is true, he sets out in the beginning of his answer that he is the owner in fee. Whether that claim be true or false depends, of course, upon the facts set up or admitted in his answer. His claim is a mere

conclusion of law upon the facts set up and admitted in the pleadings.

The plaintiff demurred to the answer. She could do nothing more, as there was no issue of fact. This demurrer directly raised the only question in the case—a legal question—whether, upon the facts thus appearing, the claim of the defendant to be the owner in fee, by reason of his deed from his mother, is sound and correct as a legal proposition? To settle such questions is purely and solely the object of a general demurrer. It is the same as if the demurrant would say to the defendant, "Granting that what you say as matter of fact in your answer is true, in connection with what you admit to be true in my complaint, by your failure and refusal to deny the facts therein contained, I deny that your theory of the law, to the effect that you hold the fee, is true, and the court is called upon to decide this legal proposition." In this case the court did so, and held 'the demurrer of the plaintiff well taken. That it was correct in its holding does not and can not admit of a doubt, not even in the mind of the defendant. If this be true, then the claim of the defendant that he holds adversely by reason of his claim under the fee simple deed of his mother must also fall to the ground, for, the land having reverted back to the estate of the deceased brother, and become the property of his surviving heirs, they all held as tenants in common; and whichever of them occupied the land after the death of the mother and the termination of her life estate did so not adversely, but as a tenant in common.

The effect of the decision of the majority of the court in the case to dismiss the partition proceedings, and relegate the plaintiff back to the court of original jurisdiction to try title between plaintiff and defendant, and that can only be by a suit in ejectment, in which the plaintiff must allege and show that she is one of the three surviving heirs of the deceased brother, Julius A. Eagle—all estate less than the fee having passed out on the death of the mother—and that the defendant brother, John L. Eagle, is also one of the three, and is therefore a tenant in common with herself and the third one, and as such is in the actual occupancy of the property involved. She can not, therefore, say in her complaint that she has title superior to the defendant, nor the right of possession as against him, and can not say therefore that he has possession without right. Being unable to make these essential allegations, she can not institute an action of ejectment. Where else can she go for the enforcement of her rights (for there is no question

of her rights), or for the redress of her wrongs, which it is equally sure she has or will suffer if this decree of dismissal is to prevail? The defendant has but to lie in ambush and interpose a general demurrer to any complaint she can present, upon the facts in the case, and it can but be sustained in ejectment. Thus it is that the plaintiff, who has a clear right of action, as all must concede, would be deprived of all remedy by reason of an undue latitude given to the rules of pleading, as I look at it. This being true, we are made to set at naught an important constitutional provision, to-wit, section 13, article 2, Constitution of 1874—a provision first found, I believe, in the Constitution of 1868. I am of the opinion that the decree should be affirmed.