## CANNON v. STEVENS.

### Opinion delivered December 21, 1908.

1. PARTITION—JURISDICTION.—A bill in equity will not lie to partition lands held adversely or the title to which is in dispute. (Page 612.)

2. SAME—SUFFICIENCY OF POSSESSION.—Constructive possession is sufficient to sustain a suit for partition, and between cotenants the possession of one is the possession of all, unless there has been an actual ouster or the possession of one be hostile to the rights of the others. (Page 612.)

3. SAME—Where the possession of a cotenant is held at the time of commencement of a suit for partition in recognition of the rights of cotenants and not adverse, it cannot thereafter be converted into an adverse holding for the purpose of defeating the court's jurisdiction. (Page 612.)

4. SAME.—Where the defendant in a suit in equity for partition alleged that she was in adverse possession, but failed to prove it, the court's jurisdiction was not defeated. (Page 613.)

5. TENANCY IN COMMON—LIABILITIES FOR RENTS.—A tenant in common in possession of the common land will not be liable to his co-tenants for rent if there has been neither an ouster of the latter nor a promise to pay them rents. (Page 613.)

Appeal from Monroe Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*C. F. Greenlee,* for appellant.

Equity is without jurisdiction of a suit for partition of lands held adversely by another. 27 Ark. 77; *Id.* 159; 40 Ark. 155; 47 Ark. 235; 70 Ark. 432; 71 Ark. 544; 74 Ark. 484; 75 Ark. 6; 72 Ark. 256; Kirby's Digest, § 6518.

*H. A. Parker;* for appellee.

Having acquired jurisdiction of an action on any equitable ground, a court of chancery will retain jurisdiction to settle all matters in controversy. 1 Ark. 31; 1 Crawford's Digest, cols. 638–640; 3 *Id.* 348; 11 Ark. 349; 31 Ark. 345.

McCulloch, J.  The plaintiffs, Annie E. Stevens and others, instituted this suit in chancery against the defendant, Katie Cannon, praying for the partition of a tract of land containing eighty acres.  They alleged in their complaint that they were the owners of four-fifths of said land by inheritance from their deceased parent, J. W. Puckett, Sr., who in his lifetime owned said land and was in actual possession thereof, and that the defendant, who had purchased the interest of Mrs. Kerr, another one of the heirs, is in possession of the land.  They also alleged that the defendant had received the rents of the land for four years, and prayed for accounting thereof and decree for their shares.

The defendant answered, admitting that she was in possession of said lands and alleging that she occupied the same as the homestead of her deceased husband, J. W. Puckett, Jr., who was the owner and in actual possession thereof at the time of his death.  She denied that J. W. Puckett, Sr., was ever the owner or in possession of said land.  She also demurred to the complaint on the grounds that it failed to state facts sufficient to constitute a cause of action, that plaintiffs have an adequate remedy at law, and that they can not maintain the suit for partition because defendant is in adverse possession of the land.

The plaintiffs then filed an amendment to their complaint, alleging, in substance, that the defendant had in her possession a deed to said J. W. Puckett, Sr., showing that he had title to said land; that said Puckett, Sr., was in adverse possession of said land for more than seven years continuously prior to his death; that J. W. Puckett, Jr., up to the time of his death, and the defendant since that time, had occupied the land as co-tenant of plaintiffs, and had never claimed to hold adversely to them until she did so in her answer to this cause, which was done, as they allege, in order to defeat the jurisdiction of the chancery court.

The defendant answered the amendment to the complaint, denying all the allegations thereof and reiterating her claim that she held the lands adversely.  No ruling of the court was ever called for on the demurrer to the complaint, and the case was

heard on depositions of witnesses, and a final decree was rendered in favor of the plaintiffs, ordering the partition of the land according to the several interests of the parties, as found by the court.

The court found that there were six shares or interests in the land inherited from J. W. Puckett, Sr.; that the share purchased by defendant from one of the heirs of J. W. Puckett, Sr., had passed from her to the purchaser at foreclosure sale to enforce the vendor's lien against defendant, and that the share of J. W. Puckett, Jr., defendant's deceased husband, should be divided, giving defendant one-half thereof as dower and the other half to plaintiffs as collateral heirs of J. W. Puckett, Jr.

The evidence is sufficient to sustain the finding of the court that the land in controversy was owned and occupied by J. W. Puckett, Sr., that it was occupied after his death by J. W. Puckett, Jr., as one of the heirs and as co-tenant of plaintiffs with their permission, and that after the death of J. W. Puckett, Jr., it was previously occupied by the defendant.

The only point urged against the ruling of the court is that the plaintiffs were out of possession and could not sue for partition of the land until they recovered possession in an action at law.

The principle is well settled by repeated decisions of this court that partition can not be had of lands held adversely or the title to which is in dispute. *Byers* v. *Danley*, 27 Ark. 77; *London* v. *Overby*, 40 Ark. 155; *Moore* v. *Gordon*, 44 Ark. 334; *Ashley* v. *Little Rock*, 56 Ark. 391; *Criscoe* v. *Hambrick*, 47 Ark. 235; *Head* v. *Phillips*, 70 Ark. 432; *Eagle* v. *Franklin*, 71 Ark. 544.

But constructive possession is sufficient to justify a partition, and between co-tenants the possession of one is the possession of all unless there has been an actual ouster or the possession be hostile to the rights of the others. *Brewer* v. *Keeler*, 42 Ark. 289; *Cocke* v. *Simmons*, 55 Ark. 104; *McKneely* v. *Terry*, 61 Ark. 527; *Eagle* v. *Franklin*, 71 Ark. 544; 2 Wood, Lim. 266; 21 Am. & Eng. Enc. Law, 1149; Freeman on Cotenancy & Partition, § § 241, 242.

Where the possession of a co-tenant is held at the time of commencement of a suit for partition in recognition of the rights of the co-tenants and not adverse, it can not thereafter be con-

verted into an adverse holding for the purpose of defeating the jurisdiction of the court. Jurisdiction acquired by the court at the commencement of the action will be retained for the purpose of granting the relief sought.

The answer of defendant, stating that she was in adverse possession of the land, stated a good defense to the suit for partition; but in order to sustain that defense it must have been established by the evidence. Merely setting it forth in the answer did not defeat the jurisdiction of the court. *Eagle* v. *Franklin, supra.*

As we have already stated, the evidence does not show that defendant's possession was adverse when the action was commenced. On the contrary, it shows that she was holding the land in distinct recognition of the rights of her cotenants.

The plaintiffs have cross-appealed on the ground that the court erred in refusing to give them a decree against the defendants for their portion of the rental value of the land before the commencement of the suit. The ruling of the court on this point was correct. According to the contention of plaintiffs, the defendant's occupancy of the premises was by their permission, and it is not claimed that she agreed to pay rent. They were therefore not entitled to recover rent where there had been neither an ouster nor a promise to pay rent.

Chief Justice COCKRILL, speaking for the court in *Hamby* v. *Wall,* 48 Ark. 134, said: "Neither tenant can lawfully exclude the other. The occupation of one, so long as he does not exclude the other, is but the exercise of a legal right. If for any reason one does not choose to assert the right of common enjoyment, the other is not obliged to stay out; and if the sole occupation of one could render him liable therefor to the others, his legal right to the occupation would be dependent upon the caprice or indolence of his cotenant, and this the law would not tolerate;" citing cases.

Decree affirmed.