## LaCotts v. Pike.

### Opinion delivered June 7, 1909.

1. PARTNERSHIP—WHAT CONSTITUTES.—In order to constitute a partnership, it is necessary that there shall be something more than a joint ownership of property. (Page 28.)

2. SAME—SHARING IN PROFITS.—While an agreement to share in profits is not a test of a partnership, it is an essential element in one. (Page 28.)

3. PARTITION—ADVERSE POSSESSION.—Partition cannot be had of land held adversely. (Page 29.)

4. SAME—RIGHT OF CO-TENANT.—Unless a tenant in common is in possession of the land, or his title is admitted, he cannot maintain a bill in equity for a partition thereof. (Page 29.)

5. TENANT IN COMMON—OUSTER—REMEDY.—Where a tenant in common of land is ousted from the land or his rights wholly denied by his co-tenants, his remedy is by an ejectment suit for his proportion of the land. (Page 30.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed with modification.

*H. A. Parker,* for appellant.

1. Since partition cannot be had until all accounts are adjusted, this action, and not a suit for partition, is the proper remedy. George on Partnership, 303; 82 Hun (N. Y.) 238; Bates on Partnership, § 975; 95 U. S. 401. However, if the court found that an action to settle the partnership affairs was not a proper remedy, he should have caused the proceedings to be changed, rather than to dismiss the bill. Kirby's Dig. §§ 5980, 5991.

2. The facts establish a partnership. 63 Ark. 518; 87 Ark. 412.

*J. M. Brice,* for appellees.

1. The test of partnership is whether or not the parties share in the profits of the business. At any rate, the absence of sharing in the profits is conclusive evidence that a partnership does not exist. And there is no partnership, even if there is joint ownership, where one of the joint owners rents or agrees to take a certain amount for the use of his interest in the business. 54 Ark. 384; 22 Am. & Eng. Enc. of L., 2d Ed. 22; 44 Ark. 423; 74 Ark. 437.

2. A suit to establish a partnership and to wind up a part-

nership business and partition cannot be joined or maintained where the lands are held adversely or the title is in dispute. 47 Ark. 236; 40 Ark. 155; 56 Ark. 370.

FRAUENTHAL, J. The plaintiff, John LaCotts, instituted this suit on December 14, 1904, in the Arkansas Chancery Court against the defendants, who are the widow and children of J. F. Pike, deceased. In his complaint he alleges that he formed a partnership with said J. F. Pike on September 1, 1888, and that the contract of partnership was evidenced by a deed of that date executed by J. F. Pike to him by which said Pike conveyed to him an undivided one-half interest in certain land and a saw and grist mill, gin stand, press and machinery located on the land; that there had never been any settlement of the partnership; and he seeks an accounting of the partnership business and a division of the partnership assets. Subsequently, the administrator of J. F. Pike was made a party defendant. The defendants denied the existence of a partnership at any time between plaintiff and J. F. Pike, and specifically denied each allegation of the complaint; they also denied that plaintiff had any interest in or title to any of the property; and they pleaded laches and limitation against the alleged claim of plaintiff. John A. Bower filed an intervention, in which he alleged that J. F. Pike had executed to him a mortgage upon the property involved in the suit to secure certain indebtedness owing by Pike to him; and he asked for a foreclosure of this mortgage.

Upon the trial of the cause the chancery court entered a decree in which it dismissed the complaint for want of equity, and dismissed the intervention of Bower without prejudice. From that decree the plaintiff appeals to this court.

The evidence by which the plaintiff seeks to establish the alleged partnership between himself and J. F. Pike consists of a deed in ordinary form executed by J. F. Pike to the plaintiff on September 1, 1888, by which said Pike conveyed to plaintiff an undivided one-half interest in a certain tract of land and the above-mentioned personal property. The plaintiff testified that by virtue of said deed there was a partnership between them, but he did not make any other statement relative to the partnership. He did not state that they should share in the profits, or that they should be liable for the losses of the alleged partner-

ship business; nor did he state the nature and extent of the business contemplated or intended by the alleged partnership. On the contrary, the plaintiff testified that J. F. Pike paid him $50 rent per year for certain years for his interest in the property; and the undisputed evidence is that J. F. Pike replaced all the personal property from time to time with other property of a similar kind, and that he purchased all said property upon his sole and individual account. During all the years from 1888 until the death of J. F. Pike in September, 1903, the property was in the possession of said Pike, and all transactions relative thereto with third persons were had and made in the sole and individual name of J. F. Pike. The evidence tended also to prove that in December, 1888, the plaintiff executed to one Merritt a mortgage upon his undivided interest in the land, and that this interest in the land was sold in 1894 under a decree of foreclosure of said mortgage, and in 1894 after confirmation of said sale a deed therefor was executed by the commissioner in chancery to one J. W. Crockett, trustee. The plaintiff testified that after the conveyance of said interest in the land to said Crockett he considered that the partnership between himself and Pike was thereby dissolved. In 1900 J. W. Crockett, trustee, for $50 conveyed this interest in the land to plaintiff.

In order to constitute a partnership, it is necessary that there shall be something more than the joint ownership of property. A mere community of interest by ownership is not sufficient. This creates a tenancy in common, but not a partnership. *Oliver* v. *Gray,* 4 Ark. 425; *Haycock* v. *Williams,* 54 Ark. 384; *Harris* v. *Umsted,* 79 Ark. 499.

The test of a partnership between the parties themselves is largely a question of intention, but before there can be a partnership between the parties themselves there must be an agreement from which a community of profit and loss arises. There is no presumption of a partnership from a mere joint ownership of the property. *Neill* v. *Shamburg,* 156 Pa. St. 263; *St. John* v. *Coates,* 63 Hun, 460.

It is ordinarily considered that an agreement to share in the profits is an essential element of every partnership, and yet because one shares in the profits this does not necessarily constitute him a partner. But if there is an absence of a sharing in the

profits, then there is no agreement by which it can be said a partnership exists. Between the parties themselves, it is essential that they shall share in the profits before it can be said that an agreement of partnership has been entered into and exists. *Culley* v. *Edwards,* 44 Ark. 427; *Johnson* v. *Rothschilds,* 63 Ark. 518; *Herman Kahn Co.* v. *Bowden,* 80 Ark. 23; *Buford* v. *Lewis,* 87 Ark. 412; 30 Cyc. 366.

In this case there is a total lack of evidence on the part of the plaintiff to show that there was an agreement between him and Pike by which they should share in the profits, or that there was any understanding as to the proportion in which such profits should be shared. And the evidence of plaintiff seems to indicate that he himself had no idea, much less an intention, of bearing any loss. The plaintiff relies upon the deed as an evidence of a partnership; but such deed only makes the parties tenants in common of the property and not partners.

We are of the opinion therefore that the chancellor was correct in his finding that the evidence does not show that the relationship of partners existed between plaintiff and J. F. Pike.

It is urged by the plaintiff that the complaint should be considered in the nature of a petition for partition of the land, and that he should have that relief. But the defendants claim that they are and always have been in the adverse possession of the land, and they dispute the title of plaintiff to the land, and dispute any interest of plaintiff therein. The complaint is founded upon the allegation of a partnership, and the relief sought therein is the winding up of that partnership. The land, by the bill, is claimed to be a part of the assets of the partnership, and its disposal is sought only upon a settlement of the business of the partnership. When the court determined that there was no relation of partnership existing between the parties, there was no equitable ground upon which to assume jurisdiction over the land and the parties. The defendants were claiming the land adversely to plaintiff, and partition cannot be had of land held adversely. *Landon* v. *Morris,* 75 Ark. 6.

It has been repeatedly held by this court that unless a tenant in common is in possession of the land or his title is admitted he cannot maintain a bill in equity for a partition thereof. *Byers* v. *Danly,* 27 Ark. 77; *London* v. *Overby,* 40 Ark. 155; *Moore* v. *Gor-*

*don,* 44 Ark. 334; *Criscoe* v. *Hambrick,* 47 Ark. 235; *Ashley* v. *Little Rock,* 56 Ark. 391; *Eagle* v. *Franklin,* 71 Ark. 544; *Landon* v. *Morris,* 75 Ark. 6; *Cannon* v. *Stevens,* 88 Ark. 610.

By virtue of his deed the plaintiff was only a tenant in common in the land. Where the tenant in common is ousted from the land or his rights totally denied by the cotenants, his remedy is by an ejectment suit for his proportion of the land. Kirby's Digest, § 2746; *Trapnall* v. *Hill,* 31 Ark. 345.

The party who is in possession claiming the land adversely has a right to have a trial of his cause in the law court; and, until the issue as to the title is determined, a court of equity has no jurisdiction to partition the land between alleged tenants in common. But the plaintiff should not be prejudiced by any decree herein in his right to institute an ejectment suit for the recovery of his alleged portion of the land, if he should so desire.

In order that the decree in this case may not possibly have such effect, the decree should be modified so that it will dismiss his complaint; but will dismiss it without any prejudice to the plaintiff to institute a suit for a recovery of his alleged portion of the land.

The decree will be here modified in that regard. And, so modified, the decree is affirmed.