### HILL v. CHEROKEE CONSTRUCTION COMPANY.

#### Opinion delivered April 24, 1911.

1. PARTITION—LAND HELD ADVERSELY.—Partition cannot be had of lands while they are held adversely. (Page 87.)

2. TENANCY IN COMMON—POSSESSION.—Possession of land by a tenant in common is presumed to be the possession of all the cotenants, but such presumption can be rebutted by showing that the possession of such tenant is adverse to his cotenants. (Page 87.)

3. SAME—WHEN POSSESSION OF COTENANT NOT ADVERSE.—While a tenant in common may acquire title by adverse possession as against his cotenants, the mere fact that he receives the entire rents of the land is not sufficient to make his possession adverse to them. (Page 87.)

4. PARTITION—SUFFICIENCY OF COMPLAINT.—In a suit for partition against a tenant in common an allegation in the complaint that the defendant has been in possession of the land and has received the rents thereof to the exclusion of his cotenants is not demurrable as admitting that the defendant was in adverse possession of the land. (Page 87.)

5. SAME—SUFFICIENCY OF ANSWER.—An answer, in a suit against a tenant in common for partition, which alleges that defendant has held adverse possession of a part of the land, openly and notoriously, for the period required by the statute of limitations states a good defense *pro tanto*. (Page 88.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed.

· *C. T. Wetherby,* for appellant.

1. The complaint alleged that appellant was in possession of *all* the lands and enjoying the rents and profits, *to the exclusion of the other owners.* Mere possession, it is true, by a co-ten-

ant cannot defeat partition; but when it is admitted that the other owners have been "excluded," then the co-tenant in possession has all the rights that would accrue to a stranger. Appellant's demurrer to the complaint should have been sustained. 30 Cyc. 215, par. 4; *Id.* 191-2; *Id.* 1072; 43 N. C. 25; 25 Ark. 359; 55 N. E. 296. One co-tenant can hold adversely to his other cotenants. 40 Ark. 155.

2. The demurrer to appellant's answer should have been overruled. He had been in adverse possession of fifty-three acres of the lands for more than seven years. This being a partition suit, and appellant the defendant therein, he was not required to exhibit any muniments of title. Moreover, appellee did not move the court to require the nature of appellant's right of possession to be developed in the answer. 27 Ark. 77; 40 Ark. 155; 71 Ark. 544; 47 Ark. 235; 44 Ark. 334.

*Ira D. Oglesby,* for appellant.

The allegations of the answer are not sufficient as against a tenant in common. The possession of a co-tenant is not adverse possession; it is the possession of all. No facts are stated showing notice to his co-tenants that he was holding adversely to them, nor any facts constituting an ouster or anything that would put them upon notice. 57 Ark. 97; 61 Ark. 525; 55 Ark. 104.

FRAUENTHAL, J. This was a suit instituted in the Sebastian Circuit Court to obtain the partition of a tract of land containing 476 acres, according to the respective interests of the parties therein. The complaint alleged that the plaintiff and defendants were the owners of the land as tenants in common. It was alleged that the land was originally owned by one J. M. Hill, who died intestate, leaving a number of children, who inherited the same from him, and that through mesne conveyances the plaintiff below, the Cherokee Construction Company, had acquired and become the owner of the interests of all the children except the defendants. It was alleged that the plaintiff was the owner of seven-ninths of the land, and that the defendant Aaron Hill, who was one of the children, was the owner of one-ninth thereof, and the other defendants were owners of the remaining one-ninth. It was also alleged in the complaint that the said Aaron Hill "has been in possession of said lands

and enjoying the rents and profits thereof to the exclusion of the other owners." The complaint also sought an accounting for the rents thus received by said Hill, but this relief was subsequently abandoned.

To this complaint Aaron Hill interposed a demurrer, which was overruled. He thereupon filed a separate answer, to which the plaintiff interposed a demurrer, which was sustained by the court, and, the defendant refusing to plead further, a judgment ordering a partition of the land was entered, from which said Aaron Hill has alone appealed.

In his answer, the defendant did not deny the allegations of the complaint, which asserted the title in the children of said Hill by inheritance, and the acquisition by plaintiff of the interests in the land of all the children of said Hill except the defendants. He denied, however, in his answer that the plaintiff and the defendants owned all the land as tenants in common, and alleged that he himself had acquired title to fifty-three acres of said land by adverse possession, and specifically described the fifty-three acres to which he claimed an indefeasible title. On this appeal it is conceded that plaintiff and defendant are tenants in common of all the land except said fifty-three acres. As to said fifty-three acres, it is insisted by the defendant that the plaintiff does not own any interest therein, but that defendant, Aaron Hill, has become invested with the absolute title thereto by adverse possession.

It is urged by counsel for defendant that the court erred in sustaining the demurrer to so much of the answer as asserted title by adverse possession in him to said fifty-three acres. In his answer the defendant alleged that "he now is and for more than seven years prior to the beginning of this action has been in the possession" of said fifty-three acres; and further alleged "that he has held said land and now holds same openly, publicly, notoriously, peaceably and adversely to the plaintiff and all the world under a claim of right and title."

The questions raised by this appeal are whether or not the lower court erred in overruling the demurrer of the defendant to the complaint, or in sustaining the demurrer of the plaintiff to the answer. In order to decide these questions, we think that it is only necessary to determine whether or not the complaint

alleged that the defendant was in and holding possession of the land adversely to the rights and claim of the plaintiff, or whether or not the answer sufficiently pleaded adverse possession of any of said land by the defendant.

It was ruled by this court in the case of *Byers* v. *Danley*, 27 Ark. 77, that partition cannot be had of lands which are held adversely, and this decision has been repeatedly approved and followed by this court in other cases. *London* v. *Overby*, 40 Ark. 155; *Moore* v. *Gordon*, 44 Ark. 334; *Criscoe* v. *Hambrick*, 47 Ark. 235; *Head* v. *Phillips*, 70 Ark. 432; *Eagle* v. *Franklin*, 71 Ark. 544; *Landon* v. *Morris*, 75 Ark. 6; *Moore* v. *Willey*, 77 Ark. 317.

It is, however, not necessary that the plaintiff be in actual occupation of the land in order to maintain a suit for the partition thereof among the parties owning the same as tenants in common. The possession of the land by one of the co-tenants is in contemplation of law the possession of all of them. The occupancy of the land by the tenant in actual possession is not necessarily adverse to those who are not in actual possession; such possession is presumptively the possession of all the tenants, although such presumption can be rebutted by showing that the possession held by such tenant was adverse to his cotenants. *Ashley* v. *Rector*, 20 Ark. 359; *Cocks* v. *Simmons*, 55 Ark. 104; 30 Cyc. 119.

It has been well settled that one tenant may oust his cotenant and hold the land adversely to him; and if his adverse possession thereof is held for the period prescribed by the statute of limitation, his right and claim thereto will ripen into an absolute title as against all cotenants as well as others. *Ashley* v. *Rector*, *supra; Brewer* v. *Keeler*, 42 Ark. 289; *Eagle* v. *Franklin*, *supra*. But the mere fact that one cotenant receives the entire rents of the land is not sufficient to divest his cotenants of the possession thereof or to make his own possession adverse to them. Even though the tenant receives the whole rents of the land for the entire statutory period, this will not be sufficient to constitute a disseisin of his cotenants or to show an ouster of them so as to make his possession adverse. *Ashley* v. *Rector*, *supra; McKneely* v. *Terry*, 61 Ark. 527; 1 Cyc. 1076.

The complaint alleged that the defendant Aaron Hill had

been in possession of the lands and received the rents thereof to the exclusion of the other owners. It is urged by the defendant that by this allegation the complaint averred that the defendant was in exclusive possession of the land, and therefore holding the same adversely to the plaintiff. We think, however, that this allegation only averred that said Hill received the rents of the land to the exclusion of the other cotenants, but that it did not allege or assert that said Hill held the possession of the land to the exclusion of the possession of the other cotenants. The complaint, therefore, did not allege that the defendant was in the adverse possession of said land, and the court did not err in overruling the demurrer to the complaint.

But we think that the third paragraph of the answer sufficiently pleaded adverse possession in the defendant Aaron Hill of said fifty-three acres of the land. In this paragraph he alleged that he held the possession of said fifty-three acres of land for the period required by the statute of limitations, and that such possession was open and notorious, and adverse to the plaintiff and under a claim of title and right thereto. No objection was made to the form of this allegation of adverse possession of the defendant, and no request presented for it to be made more definite or certain. Where one cotenant asserts in himself an adverse possession, the existence of the facts and circumstances which will amount in law to a disseisin or an actual ouster of the other cotenants, and thus support the plea which he has made, is rather a question of proof than of averment. The facts and circumstances which would go to show that the possession of one cotenant was of such a nature and character as in law will constitute possession adverse and hostile to the other cotenants are really matters of evidence. In the pleading it is only necessary that the allegations should be sufficient to apprise the plaintiff that the seven years adverse possession would be relied upon as a defense under the general statute of limitation. If it appears by plain and reasonable intendment that the defendant asserts as a fact that he has had adverse possession of the land for the statutory period, this, we think, is a sufficient plea of the statute of limitation for the investiture of title by adverse possession, and is not subject to a demurrer. *McKewen* v. *Allen,* 80 Ark. 181; *Portis* v. *Hill,* 3 Tex. 273;

*Bartlett* v. *Secor,* 56 Wis. 520; *Duckworth* v. *Duckworth,* 144 N. C. 620.

We think that the allegations of the paragraph of the answer above referred to were sufficient to apprise the plaintiff that the defendant Hill asserted title to the fifty-three acres of land therein described by adverse possession under the statute of limitation, and as to said land stated a good defense to the action of partition thereof.

There are other allegations made in the pleadings relating to an accounting for rents, taxes and waste, but no question is made relative to those matters upon this appeal; and we do not think that the other matters alleged, either in the complaint or in the answer, are of sufficient importance to be discussed.

It follows that the court erred in sustaining the demurrer to the third paragraph of the answer which asserted title to the fifty-three acres in defendant; but that the court was correct in sustaining the demurrer to all other paragraphs of the answer and to those relating to or involving the remainder of said 476 acres. It appears that, after the decree of partition was entered and commissioners appointed to carry out the decree as provided by statute, the commissioners reported that partition thereof could not be made without great prejudice to the owners. Thereupon the court decreed a sale of the land for the purposes of such partition, and in accordance with said decree the entire 476 acres were sold, and the sale thereof confirmed. The defendant did not perfect his appeal from the decree ordering partition of the land until after the sale and confirmation thereof. The plaintiff became the purchaser of the land at said sale, and it is conceded by all the parties that under the terms of the bid made by it sale of the above mentioned fifty-three acres, the title to which is asserted by defendant, can be set aside, and the sale of the remainder of said 476 acres can be allowed to remain as made and confirmed without prejudice to the rights of any of the parties.

The decree of the lower court in sustaining the demurrer to the third paragraph of the answer relating to the above mentioned fifty-three acres is reversed, and the cause as to said portion of said land is remanded with directions to overrule the demurrer to said third paragraph of the answer and for further proceedings relative thereto as the parties will be advised to

take and in accordance with this opinion. In all other respects the decree is affirmed.