ASHLEY *v.* GARRETT.

4-9311                                    234 S. W. 2d 513

Opinion delivered December 11, 1950.

*O. A. Featherston,* for appellant.

*Alfred Featherston,* for appellee.

MINOR W. MILLWEE, Justice. Racia A. A. Ashley died intestate in Pike County in 1927 survived by his widow and seven children. At the time of his death, Ashley owned and resided upon 120 acres of land which he homesteaded in 1895. After his death, Ashley's widow and a son, Charlie Ashley, lived on the place until her death in 1937. In consideration of services rendered by Charlie in caring for their mother, the other six heirs in March, 1941, deeded to him 38 acres of the land, including the farm residence where Charlie has since resided. At the same time six of the heirs also conveyed 12 acres of the 120 acre tract to Elvia Wright, one of Ashley's daughters. Charlie Ashley and Elvia Wright in turn conveyed their interest in the remaining 70 acres to the other five heirs.

In July, 1941, a deed was drafted for the conveyance of the interests of four of the heirs in the remaining 70 acres to E. L. Ashley, owner of the other undivided one-fifth interest. This deed was signed and acknowledged by two heirs in July, 1941, and by another in August, 1942. Appellee, Artie Garrett, another daughter of Racia A. A. Ashley, deceased, refused to join in this deed, which was never placed of record.

E. L. Ashley died in 1948 survived by his widow, Eula Ashley, and eight children. After her husband's death, Eula Ashley moved on the 38 acre tract deeded to Charlie Ashley. Since 1941 E. L. Ashley and his widow and heirs have, at times, cultivated small parts of the 70 acre tract and paid the taxes thereon. None of the parties have ever actually resided on the 70 acres.

Appellee filed this suit against the other Ashley heirs praying for partition and sale of the 70 acre tract. There was also a prayer for an accounting of personal property belonging to the Ashley estate, but this feature of the suit was apparently abandoned.

Appellants defended solely on the ground that they had made a settlement with appellee which she accepted in full accord and satisfaction of her entire interest in her father's estate.

The chancellor found appellee to be the owner of an undivided one-fifth interest, and the widow and heirs of E. L. Ashley, deceased, the owners of an undivided four-fifths interest, in the 70 acre tract. A decree was entered ordering partition and sale of the lands and directing a division of the net sale proceeds in accordance with the adjudicated interests of the parties.

The testimony is in sharp dispute in regard to an alleged agreement by appellee to join with three other heirs in a deed of their respective interests in the 70 acre tract to E. L. Ashley. When the other deeds were executed in March, 1941, there was some discussion of this proposal. At that time appellee resided in Nevada County and had not been on the lands for several years. She testified that she then agreed to join in a deed to E. L. Ashley with the understanding that the timber would be sold from the whole 120 acre tract and the sale proceeds divided equally among the four heirs joining in such deed. She also stated that this agreement was made in reliance upon representations by some of the appellants that her share of such timber sales would amount to more than $500. Appellants' version of the agreement was that appellee was to sign the deed for one-fourth the proceeds of a sale of timber from the 70 acre tract.

In April or May, 1941, one of the appellants mailed to appellee, from Hot Springs, Arkansas, a money order for $16 which appellee cashed. According to appellants the $16 payment represented one-fourth of the proceeds of the sale of the timber off the 70 acre tract. Appellee refused to sign a deed subsequently presented upon being informed that the $16 payment was all that she was to receive from the sale of timber.

Appellants cite the case of *Barham* v. *Bank of Delight,* 94 Ark. 158, 126 S. W. 394, 27 L. R. A., N. S., 439, in support of their contention that appellee accepted the $16

money order in full settlement of her interest in her father's estate and was thereby estopped from thereafter claiming such interest. In that case the court held (Headnote 1): "Where a check is given in satisfaction of a disputed claim, and recites on its face that it is a payment in full, its acceptance constitutes an accord and satisfaction, although the creditor protests at the time that it is not all that is due him." The money order cashed by appellee in the case at bar did not recite that it was in full payment of her claim to the land. As owner of an undivided interest in the 70 acre tract, appellee was already entitled to one-fifth of the proceeds of any timber sales from said land. According to her testimony, she was to receive one-fourth of the timber sales from the entire 120 acre tract and did not accept the money order as full payment for her interest in the 70 acres. The chancellor's finding in appellee's favor on this issue is in accord with the well-established rule that evidence to support a parol contract to convey land must be clear, satisfactory and convincing. *Walk* v. *Barrett*, 177 Ark. 265, 6 S. W. 2d 310. The evidence on behalf of appellants does not measure up to this rule.

It is also contended that appellee was barred by laches from maintaining the instant suit. Appellants did not plead laches as a defense nor did they plead or claim adverse possession of the lands for the statutory period. Upon execution of the several deeds in 1941 and 1942, appellee and her brother, E. L. Ashley, became co-tenants of the 70 acre tract. In proceedings involving co-tenancy in real property the rule in this state is that, as between co-tenants, the possession of one is the possession of all unless there has been an actual ouster or the possession be hostile to the rights of the others. *Cannon* v. *Stevens*, 88 Ark. 610, 115 S. W. 388. It is, therefore, not essential that the plaintiff be in actual possession in order to maintain a suit for partition of lands among parties owning the same as tenants in common. Since it is neither contended nor shown that the possession of E. L. Ashley and his widow and heirs was adverse or hostile to appellee, she had constructive pos-

session of the lands when the suit was instituted and was not barred by laches from asserting her right to partition. *Cocks* v. *Simmons,* 55 Ark. 104, 17 S. W. 594; *Hill* v. *Cherokee Construction Co.,* 99 Ark. 84, 137 S. W. 553; 47 C. J. Partition, § 227.

The decree is affirmed.