## LANDON v. MORRIS.

### Opinion delivered April 1, 1905.

1. PARTITION—JURISDICTION OF EQUITY.—Partition cannot be had in equity of land held adversely. (Page 7.)

2. APPEAL—PRESUMPTION.—It will not be presumed, on appeal from a decree granting a partition, that the court below reformed the deed under which plaintiff claimed where the complaint contained no allegations or prayer warranting such relief, and the proper parties were not before the court, and the decree did not in terms grant any such relief. (Page 8.)

3. REFORMATION—EXECUTION SALE.—If a sheriff's deed for land sold under execution may be reformed under any circumstances, such a deed that is void on its face cannot be reformed where the execution and proceedings thereunder contain the same imperfection. (Page 8.)

4. EXECUTION SALE—VALIDITY OF DEED.—A sheriff's deed reciting a sale of the "right, title and interest of the C. M. Landon Milling Company" under execution against said company is ineffectual to convey the title of C. M. Landon, and cannot be aided by parol proof that C. M. Landon was operating his business under the style and name of the C. M. Landon Milling Company, and that the judgment was rendered against him on a note signed by that name. (Page 8.)

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

STYLES T. ROWE, Judge.

Reversed.

*C. E. Warner,* for appellants.

*Edwin Hiner,* for appellee.

McCULLOCH, J. Appellee filed his complaint in equity against appellants, claiming title to an undivided one-third of the real estate described, alleging that appellants own the other two-thirds, and praying for partition. The defendants answered, denying that plaintiff had any title to or interest in the lands.

Appellants invoke the rule, established and repeatedly adhered to by the decisions of this court, that partition cannot be had, in a court of equity, of lands held adversely. *Criscoe* v. *Hambrick,* 47 Ark. 235; *Moore* v. *Gordon,* 44 Ark. 334; *London* v. *Overby,* 40 Ark. 155; *Byers* v. *Danly,* 27 Ark. 77.

There is, however, no showing, either in the pleadings or proof, that the land in question is held adversely, or that it is actually occupied by any one.

No issue was presented by the pleadings except as to the title of the plaintiff. The land was originally owned by one C. M. Landon and appellants, E. J. Landon and H. E. Landon, as equal tenants in common. The plaintiff alleges in his complaint that he purchased the interest of C. M. Landon at execution sale under a judgment against him, and received the sheriff's deed therefor. He exhibits with his complaint the deed from the sheriff which recites a sale under a judgment and execution against the C. M. Landon Milling Company, and the deed conveys "all the right, title and interest of the said C. M. Landon Milling Company in and to the above and foregoing described real estate."

The plaintiff also introduced in evidence the record of the judgment and the execution under which the land was sold. It shows a judgment rendered by a justice of the peace in favor of C. E. Stewart against C. M. Landon, doing business as C. M. Landon Milling Company, for the amount of the note sued on. After issuance of execution and *nulla bona* return thereon, a certified transcript of the judgment was filed in the office of the clerk of the circuit court as a judgment of the circuit court; and execu-

tion was issued by the clerk against C. M. Landon Milling Company. C. M. Landon filed his schedule, claiming this and other property as exempt from sale under execution, and supersedeas was duly issued by the clerk, but afterwards, on motion of the execution plaintiff, was quashed by the circuit court, and a new execution was issued against the C. M. Landon Milling Company. The levy and sale were made under this execution. No testimony was introduced at the hearing of this cause below except the sheriff's deed exhibited with the complaint and the transcript of the judgment and execution and other proceedings thereunder.

The sole question presented for our consideration is whether the sheriff's deed, reciting a sale of the "right, title and interest of the C. M. Landon Milling Company" under the execution against that name is operative as a valid conveyance of the title of C. M. Landon. No effort was made in this suit to reform the deed, if that could have been done, and the court below did not, by its decree, undertake to accomplish that result. If it be held that a court of equity could reform such a deed, so as to make it convey the interest of C. M. Landon, it could only do so under proper allegation of the complaint, and with C. M. Landon before the court as a party. We cannot indulge the presumption that the lower court, by its decree granting a partition, reformed the deed, when the complaint contained no allegations or prayer warranting such relief, the proper parties were not before the court, and the decree does not in terms grant any such relief. It is doubted whether a court of equity will, under any circumstances, exercise its peculiar powers to reform a deed of conveyance executed pursuant to a power conferred by statute and not pursuant to a voluntary agreement (3 Freeman on Ex. § 332; 1 Story, Eq. 165-179; *Bright* v. *Boyd,* 1 Story, 486; note to *Bartlett* v. *Judd,* 78 Am. Dec. 136) ; but it has been expressly decided by this court that the deed of the sheriff for land sold under execution which is void on its face cannot be reformed where the execution and proceedings thereunder contain the same imperfections. *Tatum* v. *Croom,* 60 Ark. 487; *Russell* v. *Williamson,* 67 Ark. 80.

The statute (Kirby's Dig. § 3298) provides that the sheriff's deed shall recite "the names of the parties to the execution, the

date when issued, the date of the judgment, order or decree, the time, place and manner of sale, and other particulars recited in the execution," etc.   The deed manifestly relates back to and is controlled by the power conferred by the execution upon the officer making it.   Therefore a deed reciting an execution which directs the seizure and sale of property of the C. M. Landon Milling Company is ineffectual for the purpose of conveying the title of C. M. Landon to the land sold.   It is absolutely void, and is not cured by proof *aliunde* that C. M. Landon was operating his business under the style and name of the C. M. Landon Milling Company, and that the judgment was rendered against him on a note signed by that name.

Reversed and remanded, with directions to dismiss the complaint for want of equity.