SMITH *v.* SMITH.

Opinion delivered October 29, 1906.

1. DEED—PATENT AMBIGUITY.—A deed purporting to convey part of a legal subdivision, without describing it, is sufficient. (Page 461.)

2. REFORMATION OF INSTRUMENT—VOLUNTARY CONVEYANCE.—Equity will not reform a voluntary conveyance, or one based on mere love and affection. (Page 461.)

Appeal from Scott Chancery Court; *J. Virgil Bourland,* Chancellor; reversed.

*A. G. Leming,* for appellant.

1. The court erred in holding that the instrument was in reality a will, intended to take effect at his death, and that it was

never delivered, whereas the proof is clear that it was a deed, duly executed by James H. Smith to appellant, and by him delivered to her in his lifetime.

2. The demurrer should have been overruled, and the deed reformed so as to correctly describe the 82½ acres imperfectly described in the deed. 68 Ark. 546; 73 Ark. 226; 14 Am. & Eng. Enc. Law, 632.

*Daniel Hon,* for appellees.

1. Equity will not reform a conveyance which is voluntary and without consideration, or is based on a mere consideration of love and affection. 65 S. W. 973; 41 Ark. 496. An attempt to convey "parts" of a forty-acre tract of land, without describing them so as to enable a surveyor to locate them, is a patent ambiguity, and the defect can not be cured by extrinsic evidence to show what part of the land the grantor intended to convey. 30 Ark. 657; 60 Ark. 487; 68 Ark. 150; 41 Ark. 496; 56 Ark. 172; 35 So. 656.

2. In order to show a conveyance invalid on the ground of mental incapacity or idiocy it is not necessary to show insanity or idiocy, but a mental deficiency justifying a conclusion that the grantor did not exercise deliberate judgment is sufficient. 96 N. W. 757. If mental weakness is present, slight circumstances of imposition or ascendency will establish the existence of undue influence. 27 Am. & Eng. Enc. Law, 461. Undue influence is a species of fraud, which renders all transactions *inter vivos* tainted by it voidable. *Id.* 458. As to presumption against validity of contracts where confidential relations exist, see *Id.* 483. And gifts between husband and wife are jealously regarded by the courts. 34 N. J. Eq. 570. See also Rodgers on Dom. Rel. § § 254-260; Story's Eq. Jur. (12 Ed.), § § 1374-5.

3. To become effective, a deed of this kind must be delivered, and the grantor lose the possession, control and dominion over it and the property conveyed by it. 24 Ark. 246; 54 Am. Rep. 378; 5 Am. & Eng. Enc. Law, 446; *Ib.* 448; 65 S. W. 973; 8 Am. & Eng. Enc. Law, 1313; 14 *Ib.* 572; 43 Ark. 319; 35 S. E. 856; 47 S. E. 505.

4. The deed was intended as a testamentary provision, and is void, and this court will not disturb the finding of the chancellor on this point, unless the preponderance of the evidence

against his finding is reasonably clear. 44 Ark. 219; 62 Ark. 615. When it appears by a deed and the facts surrounding its execution to be the grantor's intention that the title should remain in him until after he died, the intention is testamentary in character, and can not be consummated by deed. 97 N. W. 405; 62 S. W. 336; 69 N. E. 892.

BATTLE, J. John W. Smith and Jane Rawlings brought this suit in equity against Margaret S. Smith to set aside a certain deed executed by James H. Smith to the defendant, by which he undertook to convey to her 482½ acres of land in the county of Scott, in this State. They allege that James H. Smith was the owner of the land, and attempted to convey it to the defendant on the 23d of November, 1898; that he failed to convey 82½ acres of it because of the defective description of the same, it being described in the deed as follows: "Part N. E. S. E. 15— 17 acres, part S. E. N. E. 15—3 acres, part N. E. N. E. 22— 36½ acres, and part S. E. N. E. 22—26 acres," * * * all in township 3 N., range 30 W., Scott County, Arkansas." They further allege that the deed was procured by undue influence exercised over him by the defendant and by false representations made by her to him; that he was mentally incapable of making the deed at the time of its execution; and that he never delivered it to her; and that he departed this life, on the 29th day of August, 1903, leaving the defendant his widow, and plaintiffs his only children and heirs at law, him surviving.

The defendant answered, and admitted that James H. Smith, at the time of the execution of the deed, was the owner of the land, that he executed the deed; and denied that she procured the same by undue influence, false representations and deceit, and denied that he was mentally incapable of making a deed; and alleged "that he wrote said deed with his own hand, without consulting her or any one, without her knowledge of what he was doing; that he acknowledged it before H. T. Davidson, justice of the peace, and thereupon delivered it to her; and asked that the deed be so reformed as to correct the defective descriptions of land therein contained.

On the hearing of the cause the court found that "the instrument of writing, in form a deed and executed by James H. Smith to defendant, was not in the lifetime of said James H.

Smith delivered to the defendant, but that he retained dominion
and control over the same, intending that it take effect at his
death to convey the lands therein named to defendant; that
said James H. Smith intended and did hold and own said land
as his own during his lifetime, and the court declared said instru-
ment of writing in form a deed, nevertheless under the facts a
will in his, the said James H. Smith's, own handwriting, but, the
plaintiffs, his children, not being named or provided for therein,
the same is void as to them. The court found that said James
H. Smith at the time of the execution of said instrument was men-
tally capable of executing a will or deed, and the defendant did
not unduly influence him to execute the same;" and set the deed
aside.

The evidence adduced at the hearing sustained the findings of
the court to the effect that James H. Smith was capable of exe-
cuting the deed, and that the defendant did not unduly influence
him to execute the same; but did not sustain the finding as to the
delivery of the instrument of writing, and showed that it was a
deed. As to the delivery of it, the evidence is conflicting. A
majority of the court finds that the preponderance of the evidence
proves that it was delivered by James H. Smith to the defendant
and accepted by her.

The deed was not sufficient to convey the 82½ acres defect-
ively described. As to them it is void, and equity will not re-
form it so as to correctly describe the lands. It is a voluntary
conveyance, founded on love and affection, and made without any
prior consultation or agreement with the defendant. Without a
consideration to support it, equity will not enforce it as to the
82½ acres of land. *Dyer* v. *Bean,* 15 Ark. 533; *Willey* v. *Hodge,*
104 Wis. 81; *Shears* v. *Westover,* 110 Mich. 505; *Mudd* v. *Dil-
lon,* 166 Mo. 110; 1 Story on Equity Jurisprudence, § 433; 24
Am. & Eng. Enc. Law (2 Ed.), p. 653, and cases cited.

Decree is reversed, and the cause remanded with instructions
to the court to enter a decree in accordance with this opinion.