JOHNSON *v.* AUSTIN.

Opinion delivered June 1, 1908.

REFORMATION OF INSTRUMENT—DEED OF GIFT.—A deed of gift can not be reformed without the consent of all parties.

Appeal from Pulaski Chancery Court; *Jesse C. Hart*, Chancellor.; affirmed.

*W. C. Adamson,* for appellants.

1. There is no evidence to show that Mary Austin knew the effect of having her husband's name joined in the deed, but on the contrary the facts and circumstances go to show that she did not understand its purport and effect. A trust will result, though the title is taken in the name of the grantee with the consent of the person paying the consideration. 15 Am. & Eng. Enc. of L. (2 Ed.), 1135 and cases cited; 85 Fed. 896.

2. The burden was on the defendant to show that his wife intended for him to take a beneficial interest in the property. 40 Ark. 62; 81 Ark. 48; 64 Ark. 155; 47 Ark. 111. See also 15 Am. & Eng. Enc. of L. (2 Ed.), 1136, 1138.

*Fulf, Fulk & Fulk,* for appellee.

Fraud and misrepresentation are alleged, but the chancellor on hearing the testimony found no evidence to support the allegation. Had appellee not voluntarily entered a disclaimer as to a one-half interest, he would necessarily have been decreed the entire tract.

BATTLE, J. Jordan Kirkpatrick, in his lifetime, purchased and paid for certain lots in the town of Argenta, in this State, and caused the same to be conveyed to his wife, Mary Kirkpatrick. He died leaving his wife, Willie Johnson, Amanda Morris and Frances Jackson, children by his wife, Mary, surviving. About ten years after the death of her husband, Mary married one Ausborn Austin. She exchanged the lots in Argenta with one William Amrhein for a sixty-acre tract in the country, which was conveyed to her on the 21st day of November, 1903. Afterwards Amrhein discovered that in executing the deed he had, through mistake, reserved twenty acres off the south side of the tract, instead of off the east side as he intended. They agreed to correct the mistake, and she conveyed the entire property to Amrhein, and he conveyed, at her request, the property he at first intended to convey to Mary Austin and her husband, Ausborn Austin. This last deed was executed on the 13th day of April, 1905. Mary Austin died on the second day of October, 1906, leaving no will, and leaving the children by her first husband her only heirs. On the 22d day of January, 1907, Willie Johnson, Amanda Morris and Frances Jackson brought this suit in the Pulaski Chancery Court

against Ausborn Austin, asking that the defendant be declared a trustee for their benefit, or that the deed of April 13, 1905, be reformed so as to make Mary Austin or her heirs the sole grantee therein. The defendant answered, alleging that the deed was executed to him and his wife at her request.

After hearing the evidence adduced by the parties, the court found as follows: "And the court further finds at the commencement of this cause and before any testimony was read to the court the defendant made a disclaimer in open court, stating that it was the intention of his wife that he should be only a tenant in common with her, and that after her death her children, the plaintiffs in the cause, should have one-half of the property in controversy, and the defendant the other half," (describing property). And decreed that "the defendant have an undivided one-half interest in the land, and the plaintiff the other half, each one one-sixth."

The deed executed by Amrhein to Mary Austin and Ausborn Austin was, in effect, a deed of gift by Mary to her husband. There was no competent evidence to prove that it was procured by fraud or undue influence. It was not subject to reformation without the consent of all parties. (*Smith* v. *Smith*, 80 Ark. 458; 24 Am. & Eng. Enc. of Law, page 653, par. b, and cases cited.) The effect of it (the conveyance to Austin and his wife) was the vesting of an estate in entirety in them, and the husband surviving became the sole owner of the land; and, as the deed cannot be reformed or set aside, the result is that appellants have no right to complain of the decree; and, as appellee does not appeal, the presumption is that he does not wish to modify or set aside the decree, and it is consequently affirmed.

HART, J., disqualified and not participating.