## JACKSON *v.* WOLFE.

### Opinion delivered January 22, 1917.

1. . DEVISE OF LANDS—ESTATE TAIL.—A devise of land to the testator's wife "and the heirs of her body lawfully begotten," creates an estate tail, which under the statutes constitutes a life estate with remainder over.

2. WILLS—DEVISE OF LAND—EXTRINSIC EVIDENCE—INTENTION.—Where the testator failed to mention a certain tract of land owned by him, in his will, extrinsic evidence will not be admitted to show that he had intended to describe the omitted tract when he described another, where the plaintiff was laying claim to the former tract under the will.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*R. W. Wilson,* for appellant.

1. The demurrer should have been overruled. The court should have heard the evidence. Adair intended to describe the *north* half, and it was a mistake of the scrivener in inserting the *south* half. The complaint, as amended, stated a good cause of action. The will has been construed and appellant was held a remainderman 'and entitled to the property at her mother's death. 116 Ark. 233. She was a tenant in common with appellees who are wrongfully in possession. 53 Ark. 449; 79 *Id.* 532.

If she can show by proof that the donor's intention to devise the *north* half, and not omit the home place entirely she has the right to do so. 116 Ark. 328; *Ib.* 565; 92 N. E. 605. The erroneous description should be corrected. 116 Ark. 577, 233.

2. The amendment certainly stated a good cause of action and the case should have been transferred. Kirby's Digest, § 5991; 85 Ark. 208; 87 *Id.* 206, 211; 107 *Id.* 70; 108 *Id.* 283, 291.

*Knox & Knox,* for appellee.

1. The complaint was insufficient and the demurrer properly sustained. No muniments of title were set out, the will making no reference to the property involved. 53 Ark. 449; 79 *Id.* 532. The amendment does not strengthen the complaint. Kirby's

Digest, § 3654, pars. 3, 4, 5 and 6. Chancery had no jurisdiction to construe a will where only the legal title was involved. 70 Ark. 432; 3 Pomeroy Eq. Jur., § 1115. Chancery courts only reform instruments where the proof is clear, unequivocal and certain that a mistake had been made. 71 Ark. 614; 83 *Id.* 131; 89 *Id.* 309, 612; 80 *Id.* 458.

2. The circuit court had no jurisdiction. The intention of the testator must be gathered from the will itself and extrinsic evidence cannot be introduced except where the will is ambiguous and then only to show the meaning of the words used. 116 Ark. 577; 117 U. S. 210; 104 Ark. 439; 98 *Id.* 561; 185 S. W. 1117; 175 *Id.* 45; 173 *Id.* 395; 181 *Id.* 297.

McCULLOCH, C. J. (1) This suit involves a controversy concerning the title to a tract of land in Desha county described as the north half of the northwest quarter of Section 21, in Township 11 south, Range 3 west, and was originally owned by Isaac Adair, now deceased, and through him the plaintiff claims title. The tract of land in controversy constituted the homestead of Isaac Adair, and he owned other lands besides that tract. He died about the year 1887, leaving a last will and testament, which failed to describe the lands in controversy but by which he devised the south half of the northwest quarter of said section to his wife, Nancy J. Adair, "and the heirs of her body lawfully begotten." Other lands were devised by the same instrument, and this court decided in another case that an estate tail was created, which, under the statutes of this State, constituted a life estate with remainder over. *Rogers* v. *Ogburn,* 116 Ark. 233.

(2) The plaintiff, Ida M. Jackson, was one of the two children of Nancy J. Adair, who died in the year 1911, and the other child was J. J. Rogers. In the year 1889 Nancy J. Adair conveyed the lands in controversy to her son, J. J. Rogers, and in the year 1899 Nancy J. Adair and J. J. Rogers joined in a conveyance to T. F. Tillar. This suit was instituted against the adminis-

trator and heirs of Tillar, who occupied the lands under said conveyance up to the time of his death. The suit was instituted in the chancery court of Desha county, and the complaint alleged that there was an erroneous description in the will of Isaac Adair in that the land was described as the south half of the northwest quarter of said section, whereas it was intended to describe the tract of land in controversy, the north half of the northwest quarter, and the prayer of the complaint was that the will be reformed so as to correctly describe the tract of land in controversy according to the intention of the testator, and that the plaintiff recover her undivided half interest in this tract.

Defendants answered the complaint, and then the cause was, on motion of the plaintiff, transferred to the circuit court. Later the plaintiff filed an amended complaint, asking that the cause be sent back to the chancery court, and the court overruled that motion and sustained a demurrer to the complaint and entered judgment dismissing the same. It is alleged in the amended complaint that the tract of land in controversy constituted the homestead of Isaac Adair, and that he entered into an agreement with his wife, Nancy J., to the effect that if she would join him in the conveyance of certain other lands to his favored nephew, he would make his will devising to her the homestead tract and certain other lands, and that Nancy J. Adair joined her husband in said conveyance in consideration of the promise. This is the ground upon which the reformation of the will is sought.

Counsel for plaintiff insist that the case comes within the rule of this court announced in *Eagle* v. *Oldham*, 116 Ark. 565, and that under the rule there announced the will of Isaac Adair ought to be construed as devising the north half of the northwest quarter of Section 21, instead of the south half of the northwest quarter of said section, as set forth in the will. The doctrine of the case relied on is stated in the opinion as follows: "But while we may feel sure of the testator's intention, we must gather that intention from the will

itself. This idea has been expressed in a variety of ways by all the courts. But extrinsic evidence is generally held admissible in the interpretation of wills, not to show what the testator meant, as distinguished from what his words express, but for the purpose of showing the meaning of the words used."

There were circumstances in that case surrounding the execution of the will which enabled the court to correct what was deemed by the majority of the judges to be an obvious error, but the rule stated above was adhered to. In the present case we find no circumstances whatever which would justify this court in declaring that the testator meant by the description used, to convey a tract other than the one which was specifically described. This tract was the homestead of the testator, and his wife had a life estate in it by operation of law, and that may have been the reason why the testator omitted it from the devise to her. To hold with the plaintiff in this case would be purely a reformation of the instrument, which in all the cases on that point this court has held could not be done.

The plaintiff has attempted to bring her case within the operation of the rule allowing reformation of wills by stating that the will was made pursuant to a contract between Isaac Adair, the testator, and his wife, Nancy J., whereby he agreed to devise to her the lands in controversy. If it be conceded that the language of the complaint is sufficient to set forth a contract, a specific performance of which ought to be required by a reformation of the will, the answer to the contention is that the devisee, Nancy J. Adair, has, by her own conveyance parted with all interest in this particular tract, and that neither she nor her privies can be heard to ask for relief which would defeat the operation of her own conveyance. So far as concerned the rights of the plaintiff as the beneficiary under the devise, if this land had been described so as to create an estate tail, the devise being purely voluntary, there could be no reformation of the will under well established rules. It is not alleged that plaintiff was a party to the con-

tract between Adair and his wife, and in no view of the matter could she be treated as being in position to ask for specific performance of the alleged contract. Her relation to the whole matter, conceding the allegations of the complaint to be true, is that of a mere beneficiary to the voluntary devise of Adair. The complaint fails to show that the plaintiff had any other claim of title to the land, and the court was correct in sustaining the demurrer.

Affirmed.