NELSON v. HALL (1).

DOVER v. BICKLE (2).

1. PARDON—REQUISITES.—Under Acts 1903, p. 270, § 2 (Crawford & Moses' Dig., §§ 3370-4), regulating the granting of pardons, a pardon granted without proof of publication of application being filed, and without recital that they were granted without application by an attorney or paid representative of the recipient of the pardon, *held* void.

2. PARDON—REFORMATION.—A pardon may not be reformed, both because it is a voluntary instrument and because it is executed in performance of a statutory power.

3. REFORMATION OF INSTRUMENTS—VOLUNTARY INSTRUMENT—PARDON. —The merits of the applicant are not a consideration justifying the reformation of a defective pardon, since a pardon is an act of grace on the part of the Governor.

4. REFORMATION OF INSTRUMENTS—EXERCISE OF STATUTORY POWER.— An instrument imperfectly executed in performance of a statutory power cannot be reformed, where the element of a contract is lacking.

5. HABEAS CORPUS—INVALIDITY OF PARDON.—The invalidity of a pardon may be raised by habeas corpus proceedings wherein the pardonee asserts immunity from the judgment of conviction.

6. PARDON—EFFECT OF REPRIEVE.—A convicted felon who has secured a reprieve is not exempt from arrest on the ground that the period of sentence had expired while he was out of the penitentiary, as a reprieve merely suspends the sentence.

(1.) Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor. (2). Appeal from Polk Chancery Court; *C. E. Johnson,* Chancellor; No. 1 reversed; No. 2 affirmed.

*H. W. Applegate,* Attorney General, and *Brooks Hays,* Assistant, for appellant.

*Gaughan & Sifford,* for appellee Hall.

*Norwood & Alley,* for appellee Dover.

McCULLOCH, C. J. M. J. Dover was convicted of felony in the circuit court of Polk County, and the judgment of conviction was affirmed on appeal to this court. 165 Ark. 496, 265 S. W. 76. Before he began serving his term in the penitentiary under the affirmed judgment of conviction, the Governor issued a suspension, or reprieve,

for a period of three months. Two other such suspensions were issued by the Governor, which extended beyond October 29, 1925, and on that day S. B. McCall, president of the Senate, who was acting as Governor in the absence of the chief executive, issued a full and free pardon to Dover. On the return of the Governor to the State he ordered the rearrest of Dover, which was accomplished by the sheriff of Polk County, and Dover instituted an action in the chancery court of that county against the sheriff, praying for a writ of habeas corpus to the end that he might be released from custody, and the prayer of the complaint was that the instrument of writing purporting to be a full and free pardon issued to him be amended so as to incorporate a recital that the pardon "was granted by the Governor without application therefor being made to him by any attorney or paid representative of the person pardoned." On the hearing of the cause the chancery court dismissed the complaint for want of equity, and an appeal has been duly prosecuted to this court.

W. H. Hall was convicted of felony in the Pulaski Circuit Court, and, on appeal to this court, the judgment of conviction was affirmed. 161 Ark. 453, 257 S. W. 61. He began serving his term in the penitentiary under the affirmed judgment, and continued to do so until October 28, 1925, when the President of the Senate, as acting Governor, issued to him a full and free pardon. The Governor, on his return to the State, ordered the rearrest of Hall, which was done, and the latter instituted an action in the chancery court of Union County to reform the pardon issued to him by the insertion of the words quoted above, as in the Dover case; and there was also a prayer in the complaint that the sheriff of Union County and other officers of the State be enjoined from arresting Hall for the enforcement of the original judgment of conviction. On the hearing of the cause the court granted all of the relief prayed for in Hall's complaint, and an appeal has been duly prosecuted to this court.

The two cases stand in the same attitude, and may therefore be disposed of in one opinion.

In the pardons granted to each of the parties the recital quoted above was omitted, and in each case the prayer of the complaint was that the instrument be reformed so as to incorporate the same, the allegation in each complaint being that this recital was omitted by mistake. In each case it was proved and conceded that there was no publication of notice of the application for pardon, as required by § 2 of the act of 1903 (p. 270), Crawford & Moses' Digest, § 3370. In each case it was proved that the acting Governor issued the pardon without solicitation or application made by an attorney or paid representative of the pardonee. In Hall's case he introduced as a witness Mr. McCall, President of the Senate, who testified that, in issuing the pardon, he followed the printed form which had always been used by former Governors; that he was not aware of the legal necessity for inserting the recital quoted above, but would have incorporated the same if his attention had been called to such necessity. In Dover's case he asked for a continuance in order to procure the attendance of Mr. McCall as a witness to prove the same facts which had been proved by that witness in the Hall case. If the testimony of McCall was material, the pardonee was entitled to procure his attendance as a witness. Therefore the two cases, as we have already said, stand before us in the same attitude and with similar questions presented to us for determination.

Section 4 of the act of 1903, *supra* (Crawford & Moses' Digest, § 3373), provides that the "Governor, acting upon his own motion, or being prompted thereto by the result of investigation made at his instance, shall have the right to grant a pardon in any case without the publication provided for herein; but all such pardons so granted by the Governor shall state on the face of the certificate thereof that the same was granted by the Governor without application therefor being made to him by an attorney or paid representative of the person

pardoned.'' It was decided by this court in the recent case of *Horton* v. *Gillespie,* 170 Ark. 107, 279 S. W. 1020, that all of the provisions of the act of 1903, *supra,* are mandatory, and that a pardon issued by the chief executive without proof of publication of the notice of application having been filed, or unless the pardon contains the recitals sought to be incorporated in the instruments presented in these cases, is void. It was also held in that case that the question of validity or invalidity of the pardon on account of noncompliance with the statute ''can be raised in a proceeding by habeas corpus where the pardonee asserts his immunity from the consequence of the judgment from which the pardon attempts to absolve him.'' It is thus seen that the pardons issued to Dover and to Hall come squarely within the decision of this court in *Horton* v. *Gillespie,* and that, as they now stand, they are each void, and the only question left undecided with respect to these pardons is whether or not they can be reformed by decree of a court of chancery.

It seems clear that, in the application of settled principles of equity, there can be no reformation of a pardon. This is true for two reasons: There can be no reformation of a voluntary instrument executed without consideration, and there can be no reformation of the imperfect execution of a statutory power. Each of those principles has been clearly recognized in the decisions of this court. We have often held that a voluntary conveyance, executed as a mere gratuity and lacking in the elements of a contract, cannot be reformed. *Smith* v. *Smith,* 80 Ark. 458, 97 S. W. 439; *Johnson* v. *Austin,* 86 Ark. 446, 111 S. W. 455; *Jackson* v. *Wolfe,* 127 Ark. 54, 191 S. W. 938; *Peters* v. *Priest,* 134 Ark. 161, 203 S. W. 1042. It is contended, however, by learned counsel that a pardon is not a mere gratuity, but that it is, or should be, an instrument founded upon a lawful and sufficient consideration—namely, by the merits of the applicant for pardon. In other words, it is contended that, if the applicant is entitled to a pardon according to the circumstances of his particular case, his merits in this regard form a

sufficient consideration for the act of clemency on the part of the executive, and that the pardon is founded upon a consideration. We cannot agree with counsel in this contention. A pardon by the sovereign from the effects of conviction of crime has always been regarded as purely an act of grace. Chief Justice Marshall, in the case of *United States* v. *Wilson,* 7 Pet. 160, defined a pardon as "an act of grace proceeding from the power intrusted with the execution of the law." This is the substance of every definition given of the exercise of the pardoning power. The merits of the applicant do not in any sense afford a consideration to justify a reformation of the instrument to cure defects, nor do the circumstances of a particular case have the effect of introducing the element of contract into the execution of the instrument, but those circumstances merely appeal to the executive in determining whether or not clemency should be extended. After all, and regardless of the reasons which appeal to the executive, his act in extending clemency is merely one of grace—a gratuity—a favor which may be arbitrarily extended or withheld.

This court has also decided that a court of equity will not lend its aid in the reformation of an instrument imperfectly executed in the performance of a statutory power, the elements of contract being absent. *Tatum* v. *Croom,* 60 Ark. 487, 30 S. W. 885; *Landon* v. *Morris,* 75 Ark. 6, 86 S. W. 672; *Dunnivan* v. *Hughes,* 86 Ark. 443, 111 S. W. 271. The controlling principle, however, which runs through both of the grounds for refusing reformation under such circumstances is that there is no contractual relation between the parties, hence a court of equity will lend its aid to compel performance only of these things which the parties to the instrument have obligated themselves to do. In other words, it is the imperfect execution of a previous contract which may be reformed so as to require each party to do that which he is under contract to do.

Counsel for Hall insist with much earnestness that the attitude of the State in this proceeding constitutes

a collateral attack upon the pardon, that a pardon is impervious to such collateral attack, and that this point was not directly decided in the case of *Horton* v. *Gillespie, supra.* The contention is that the pardon is not void on its face, and that it can only be avoided by a direct attack in a suit by the State to cancel it. With all due deference to the argument of learned counsel, we must say that we disagree with him as to the effect of the decision in *Horton* v. *Gillespie,* for in that case it was directly decided that the question of the validity of the pardon could be raised on habeas corpus proceedings, and that the pardon under consideration in that case, which was in the same form as the one in the present case, was void.

In Dover's case learned counsel contend that the period of Dover's sentence has expired and that he cannot be rearrested, on the ground that the case falls within the doctrine announced by this court in the recent case of *Williams* v. *Brents, ante,* p. 367, 284 S. W. 56. The cases are not, however, at all similar. In the Brents case the various instruments executed by the chief executive and denominated as "furloughs" were, in effect, conditional commutations which covered the whole period of the judgment of conviction, and we decided that the commutation could not, after the expiration of the term of punishment, be revoked by the Governor on account of a breach of the conditions. In the present case there was no commutation of sentence, as the instruments were merely suspensions of execution of judgment—reprieves, in other words, as expressly authorized by the Constitution, which merely postponed the execution of sentence and did not operate as commutations.

Our conclusion in each of the cases is that the pardons cannot be reformed, and that the unexpired sentence of each of the pardonees can now be enforced.

The decree of the Polk Chancery Court in the Dover case is therefore affirmed, and the decree of the Union Chancery Court in the Hall case is reversed, and the complaint dismissed.

It is so ordered.