WELLS *v.* SMITH.

4-5511                                              129 S. W. 2d 251

Opinion delivered June 5, 1939.

*E. H. Tharp*, for appellant.

*Smith & Judkins*, for appellee.

HOLT, J. Appellee, Mrs. E. G. Smith, filed suit in the chancery court for the eastern district of Lawrence county to partition eighty acres of land described as the N½ of the NE¼ of section 16, tp. 16 north, range 1 west, in which she claimed to be the owner of an undivided three-fourths interest and that appellant, Ottice Wells, is the owner of an undivided one-fourth interest.

To the complaint of appellee, appellant filed answer in which the material allegations are: That for many years his grandmother, Mrs. Laura E. Campbell, was the owner of the lands in question; that prior to her death she deeded other lands to her two granddaughters, sisters of appellant.

He further alleged that in February, 1919, his grandmother secured the services of a justice of the peace and directed him to prepare a deed in favor of appellant and his brother, Charles Wells, her two grandsons, conveying to them the eighty acres of land in question, but that through error the justice of the peace described in the deed lands that did not belong to Laura E. Campbell, but described land belonging to a neighbor, and that Mrs. Campbell, during her lifetime, did not discover the error in the description of the land.

This deed was made a part of appellant's answer and is as follows:

"Warranty Deed

"Know all men by these presents:

That I, Laura E. Campbell for and in consideration of the sum of One Dollar and in consideration of love and affection that I have for my grandsons, Ottice Wells and Charles Wells, do at my death grant, bargain, sell and convey unto the said Ottice Wells and Charles Wells and unto the heirs of their body forever, the following lands lying in the county of Lawrence, and state of Arkansas, to-wit:

"The north half (½) of the northwest quarter (¼) of section sixteen (16), township sixteen (16) north, range 1 west.

"To have and to hold the same after my death unto the said Ottice Wells and Charles Wells and unto their bodily heirs forever, with all appurtenances thereunto belonging. And I hereby covenant with said Ottice Wells and Charles Wells that I will forever warrant and defend the title to said lands against all claims whatever. Should either of said grantees die without bodily heirs, the surviving grantee to become sole possessor of above described lands.

"Witness our hands and seals, on this —— day of February, 1919.

(Revenue $1.00)        LAURA E. CAMPBELL (seal)"

He further alleged that at the time of said conveyance to appellant and his brother that there was only one house on a part of this land and that in order that each of her grandsons should have a part of the land on which there was a house, she erected another house on the land and divided the lands between them, each consenting thereto and agreeing to take the part assigned, and that after the death of Laura E. Campbell, appellant and Charles Wells, his brother, were placed in possession of said land.

He further alleged that by false and fraudulent representations to the two granddaughters, sisters of appellant, J. K. Gibson, after having purchased the interest of Charles Wells to said lands, induced his said sisters to execute quitclaim deeds for a consideration of $100.00 paid to each for their interest in said lands and had his daughter, Mrs. E. G. Smith, appellee, named as grantee in said deeds.

He further alleged that said lands are reasonably worth $3,000.00 and "That on account of the division of her lands among her two granddaughters as heretofore alleged, wherein their lands were correctly described and set off to them, that it would be inequitable and unjust to now permit them to hold what lands had been given them by their grandmother and also to share with their two brothers, the defendant, Ottice Wells, and Charles Wells, in the tract of land intended by their grandmother for the two grandsons to have."

He prayed that the quitclaim deeds be canceled for fraud, that the two granddaughters and his brother, Charles Wells, and wife be made parties defendant and that upon a final hearing he, appellant, have his title in and to the lands in question defined, settled and confirmed according to the intention of his grandmother and the principles of equity.

Appellee, Mrs. E. G. Smith, filed a general demurrer to this answer of appellant on the ground that it did not state facts sufficient to constitute a valid defense to her complaint.

In passing upon this demurrer the court made the following order: "Now on this 15th day of February, 1939, comes on to be heard the above styled cause upon the complaint of plaintiff, answer of defendant, proof of publication of warning order for non-resident defendant, response of attorney *ad litem,* original deed being exhibited to pleadings of plaintiff, and demurrer of plaintiff to defendant's answer; that the court has jurisdiction of the parties and subject-matter; that plaintiff and defendant are owners as tenants in common of the following lands lying in Lawrence county, Arkansas, to-wit: North half of the northeast quarter, section sixteen, township sixteen north, range one west, containing eighty acres more or less; that the plaintiff has an undivided three-fourths interest in said land and the defendant has an undivided one-fourth interest; that said land is not susceptible to division without material injury to it;

"Thereupon the court sustained the demurrer to the defendant's answer and ordered the land to be partitioned among the parties hereto; to which ruling the defendant excepted and prayed an appeal which was granted by the court;"

On this state of the record it is urged by appellee that we should affirm this case for failure of appellant to comply with rule IX of this court, in failing to properly abstract the record.

We would agree with appellee in this contention but for the fact that we think appellee has supplied the nec-

essary omissions, herself. *Perry County* v. *Gatlin,* 186 Ark. 116, 52 S. W. 2d 626.

The question presented for our consideration in this cause is whether or not Ottice Wells, appellant, is entitled to the interest which his grandmother, Mrs. Laura E. Campbell, attempted to convey to him by her deed set out, *supra*.

It is earnestly insisted by appellee that the alleged deed in question is not a deed, that it lacks one of the essential elements to make it a deed in that it conveys no present estate, no estate in *praesenti,* and, therefore, that Laura E. Campbell, the grantor in said deed, died intestate in regard to the lands sought to be conveyed, and sought to be partitioned. Appellee further contends that even though the instrument in question be a valid deed, still it is a voluntary gift of conveyance and is not subject to reformation.

We are of the view that appellee is correct in the latter contention. As to the instrument in question, without regard to anything that might be argued to give it effect, we must, and do hold, that it is not subject to reformation, since the attending circumstances show, that the consideration of one dollar and love and affection is in fact a voluntary gift from the grandmother, Mrs. Campbell, to her grandsons, appellant and his brother, and has no element of contract in it.

Since the early case of *Dyer, et al,* v. *Bean, et al,* 15 Ark. 519, this court has consistently adhered to the rule that voluntary conveyances or gifts, such as in the instant case, "one dollar and love and affection," are not subject to reformation. In the Dyer case the court held (quoting headnote) : "Imperfect voluntary gifts will not be enforced in chancery, no matter how manifest the intention of the party to perfect the gift."

In *Smith* v. *Smith,* 80 Ark. 458, 97 S. W. 439, 10 Ann. Cas. 522, this court again held (quoting headnote) : "Equity will not reform a voluntary conveyance, or one based on mere love and affection."

In ruling case law, vol. 23, p. 344, § 38, the rule is stated as follows: "It is sometimes stated as a general

rule that equity will not undertake to reform a conveyance or contract which is merely voluntary and based on no consideration. Or, as some authorities state the rule, equity will not reform a voluntary conveyance without the consent of all parties. But the actual rule, stated with its proper limitations, is that a court of equity will not reform the instrument at the suit of the grantee or those holding under him, as against the grantor or his successors. There being no consideration moving to the grantor, the volunteer has no claim on him. If there is a mistake or a defect, it is a mere failure in a bounty which, as the grantor was not bound to make, he is not bound to perfect. Equity will not therefore lend the volunteer its aid." In support of the rule *Smith* v. *Smith, supra,* is cited by the textwriter.

In *Howard* v. *Howard,* 152 Ark. 387, 238 S. W. 604, this court held (quoting headnote): "A deed which recites a nominal consideration of one dollar and love and affection, so far as its recitals are concerned, appears to be a voluntary conveyance, within the rule that said conveyance will not be reformed."

Again in *Nelson* v. *Hall,* 171 Ark. 683, 285 S. W. 386, the late Chief Justice McCullough speaking for the court, said: "We have often held that a voluntary conveyance, executed as a mere gratuity and lacking in the elements of a contract, cannot be reformed. *Smith* v. *Smith,* 80 Ark. 458, 97 S. W. 439, 10 Ann. Cas. 522; *Johnson* v. *Austin,* 86 Ark. 446, 111 S. W. 455; *Jackson* v. *Wolfe,* 127 Ark. 54, 191 S. W. 938; *Peters* v. *Priest,* 134 Ark. 161, 203 S. W. 1042."

We conclude, therefore, under the authorities cited and the general rule which has been consistently followed by this court, that the conveyance, attempted by the grandmother in the instrument in question, is a gift from her to her two grandsons, and, being without consideration other than the nominal one dollar and love and affection, is an attempted voluntary conveyance and is not subject to reformation, and that, therefore, the grantor, grandmother, died intestate as to the lands not described in said instrument.

We conclude, therefore, that the findings of the chancellor are correct and the judgment is affirmed.