KETCHUM *v.* COOK.

4-9743                                                  247 S. W. 2d 1002

Opinion delivered April 7, 1952.

Rehearing denied May 12, 1952.

*Ponder & Lingo,* for appellant.

*Dean R. Lindsey* and *R. W. Tucker,* for appellee.

ROBINSON, J. This suit involves the validity of certain deeds wherein Mrs. Maggie Crow is grantor and the appellant herein, Beal Ketchum, an heir of Mrs. Crow, is the grantee. The deeds reserve a life estate in the grantor. Subsequent to the death of Mrs. Crow, the appellees herein, also heirs of Mrs. Crow, filed suit to set aside the deeds alleging they were procured by undue influence, that Mrs. Crow was mentally incapacitated at the time of the execution of the deeds, and that there is not a sufficient description in the deeds to convey title.

Ketchum denies the above mentioned allegations and alleged that the deeds were given for a valuable consideration, and asked that should the descriptions be held to be defective, that the deeds be reformed to meet the intention of the parties. It was the finding of the Chancellor that Mrs. Crow, at the time of her execution of the deeds in question, was possessed of sufficient mental capacity to execute properly the deeds, and that the execution thereof was not the result of fraud or undue influence, but that the descriptions were defective and the deeds therefore void for uncertainty insofar as the lands in section 17, township 12 north, range 4 west, were concerned; and that the conveyances were voluntary and without consideration, and therefore could not be reformed.

Beal Ketchum has appealed from the finding that the conveyances were voluntary and without consideration, and from the finding that the descriptions were not good as to part of the property. Appellees have cross-appealed from the finding that Mrs. Crow had the mental capacity to give a valid deed and that the deeds were not obtained by undue influence.

It would serve no useful purpose to abstract here the evidence on which the Chancellor based the finding that Mrs. Crow had the mental capacity to execute valid deeds, that there was no undue influence used in procuring the deeds, and that both deeds were voluntary conveyances without consideration. Suffice it to say that the evidence sustained the Chancellor on these points.

Since the deeds were voluntary conveyances and without consideration, they cannot be reformed at the instance of the grantee. *Smith* v. *Smith*, 80 Ark. 458, 97 S. W. 439; *Wells* v. *Smith*, 198 Ark. 476, 129 S. W. 2d 251; *Nelson* v. *Hall*, 171 Ark. 683, 285 S. W. 386.

The question that necessarily follows is—do the descriptions sufficiently identify the property so as to convey title? On the 1st day of March, 1946, Mrs. Crow executed a deed, naming the appellant Ketchum as grantee, to property described as follows:

"Part of the East half (½) of the Northwest quarter (¼) of Section Seventeen (17) Township Twelve (12) North Range Four (4) west and containing Sixty-three (63) acres.

"Also, part of the east half of Lot number Three (3) and a part of the East half of lot number Four (4) of the Northwest fractional quarter (¼) of section five (5) in Township Twelve (12) North Range four (4) west described by metes and bounds thus, beginning at the Northeast corner of Lot number Three (3) aforesaid thence south 281 links to a rock for corner witness by a Black Oak 13 inches, North 80 degrees east 47 links and Black Oak and a Black Oak 13 inches North 3 degrees west 25½ links thence west 800 links to a rock for corner witnessed by a black oak 8 inches south 45 degrees east 33 links and a Black Oak 6 inches North 20 degrees west 36 links thence North 500 links to a rock for corner witnessed by a Black Oak 8 inches south 52 degrees east 45 links and a Black Oak 8 inches south 24 degrees east 38 links thence east 800 links, to rock for corner witnessed by a post oak 4 inches north 70 degrees east 27 links and a white oak 24 inches south 77½ degrees west 46 links thence south 219 links to the place of beginning, containing 4 acres of land. It is my intention to convey all of real estate belonging to me."

The Chancellor held the conveyance good as to the property in section 5, but the description void as to the property in section 17. We do not agree that the description is defective as to the property in section 17.

On the 4th day of March, 1946, Mrs. Crow executed another deed naming Ketchum as grantee, description of the property being as follows:

"Pt. of the SW ¼ of the NW ¼ of Sec. 17, Township 12 North, Range 4 West, containing 8½ acres."

The Chancellor held this description to be void and we agree. We have held many times that descriptions such as the one in the March 4th deed will not convey title. In *Killian* v. *The National Life Insurance Company*, 201 Ark. 1137, 148 S. W. 2d 1085, we said: "This court has many times held that similar descriptions using the word 'Pt.' invalidates the description." And the Court quoted from *Rhodes* v. *Covington*, 69 Ark. 357, 63 S. W. 799, and *Northern Road Improvement District of Arkansas County* v. *Zimmerman*, 188 Ark. 627, 67 S. W. 2d 197, as follows: "It has been frequently and definitely decided that a deed to a tract of land described as 'pt.' or 'part of' has a void description, being void because of its indefiniteness. *Moore* v. *Jackson*, 164 Ark. 602, 262 S. W. 653; *Brinkley* v. *Halliburton*, 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225; *Cotton* v. *White*, 131 Ark. 273, 199 S. W. 116; *Covington* v. *Berry*, 76 Ark. 460, 88 S. W. 1005; *Dickinson* v. *Ark. City Imp. Co.*, 77 Ark. 570, 92 S. W. 21; *Hewett* v. *Ozark White Lime Co.*, 120 Ark. 528, 180 S. W. 199."

As to the description in the deed of March 1st held to be void by the Chancellor, we think the description is good in view of the clause in the deed stating: "It is my intention to convey all of real estate belonging to me." It was clearly the grantor's intention to convey to Ketchum all real estate she owned in the E ½ of the NW ¼ of section 17, township 12 north, range 4 west.

In *Turrentine* v. *Thompson*, 193 Ark. 253, 99 S. W. 585, this Court said: "The rule in this State as to whether descriptions in deeds are sufficient to convey title is that the description therein must furnish a key by which the land attempted to be conveyed can be definitely located."

The description held void by the Chancellor in the deed of March 1st described the property as part of

E ½ of the NW ¼ of section 17, township 12 north, range 4 west, and containing 63 acres. But, the deed has the further provision—"It is my intention to convey all of real estate belonging to me." There is no uncertainty in this description. It identifies the particular one-half of the named quarter-section, and states it is the grantor's intention to convey all real estate belonging to her. Thus, no one could be misled about the identity of the property conveyed. The property referred to and conveyed in the March 1st deed is described in the deed as being located in a particular one-half quarter-section, and is further described as all real estate belonging to the grantor.

The situation is different where the deed merely refers to a part of a particular tract of land, since it cannot be ascertained from the deed just what part the grantor intended to convey. In the case at bar the deed executed by Mrs. Crow on March 4th refers to 8½ acres in a certain quarter-section. For all the deed shows the grantor may have owned the entire quarter-section and the particular 8½ acres is not identified. Words in the March 1st deed expressing the intention of the grantor to convey all real estate owned by her are not sufficient to convey property regardless of where it may be situated in the State of Arkansas. *Turrentine* v. *Thompson*, *supra*.

Our conclusion is that the descriptions in the March 1st deed are not uncertain or indefinite, nor defective, and that the deed conveys title to Ketchum to all the property mentioned in the deed. The March 4th deed is void by reason of the defective description.

Reversed with directions to enter a decree not inconsistent with this opinion.

Mr. Justice Ward not participating.