WOOLFOLK *v.* McDONNELL COMPANY.

4-8797                                         219 S. W. 2d 223

Opinion delivered April 4, 1949.

*Talley & Owen* and *Robert L. Rogers, II,* for appellant.

*Reinberger & Eilbott,* for appellee.

ROBINS, J. Appellant sought in the lower court to be adjudged owner, as tenant in common with appellee, of an undivided one-sixth interest in a 280-acre farm in Jefferson county, and to have partition and an account-

ing as to rents. From a decree dismissing his complaint for want of equity appellant prosecutes this appeal.

The land involved was owned in his lifetime by S. L. Woolfolk, who died intestate in 1934. Woolfolk had six children, of whom appellant was one. S. L. Woolfolk had executed a second mortgage on the land to appellee, The McDonnell Company, to secure an indebtedness which amounted on February 22, 1936, to $11,702.81. T. N. Woolfolk was appointed administrator of the estate of S. L. Woolfolk, deceased.

Appellee filed suit on February 22, 1936, to recover judgment on its debt and to foreclose its mortgage and made as defendants the administrator of the mortgagor's estate and all of his heirs, including appellant.

It is appellant's contention that he was not served with summons in that suit and that the decree of foreclosure rendered therein on November 3, 1936, as well as subsequent sale and conveyance by a commissioner appointed by the court, was therefore ineffective as to his inherited share of the land. A summons, introduced in evidence, shows service on certain of the heirs of S. L. Woolfolk in Jefferson county, and a *"non est"* return as to appellant, the sheriff stating in the return that he was advised that appellant was in Little Rock. Other heirs were summoned by warning order.

It was shown that on September 19, 1936, the lower court made an order appointing a receiver to take charge of the land and this order recites: "The court finds that reasonable notice of this hearing has been given to *the defendants.*" (Italics supplied).

Appellant testified that he first learned of the foreclosure suit in August, 1937; that at that time he talked to Mr. McDonnell, president of appellee company; "I asked him if it was possible that we could redeem the land"; that the foreclosure decree had already been rendered at that time.

W. A. McDonnell, president of appellee company, testified that after the foreclosure suit was filed appellant came to his office at Little Rock several times to ask postponement of the suit in order to give him and

other defendants time to raise the debt; that appellant had full knowledge of the suit; that appellant discussed the suit with him several times before the decree and also afterward, on each occasion wanting to repurchase with a small down payment.

Howard L. Hunter testified that during the foreclosure proceedings against the Woolfolk property he was manager and secretary of appellee company; that appellee has been in possession of the land since foreclosure and that appellant knew of it; that appellee had made improvements on the land; that he remembered about appellant coming to see him and talking to him about re-financing the debt and that this occurred before and after the decree of foreclosure was rendered.

In the decree of foreclosure no mention of appellant is made, though manner of service of process against each of the defendants, other than appellant, is described, but the decree contains this recital: "That all of the defendants have been personally or constructively summoned." By the terms of the decree appellee company was given judgment against the administrator for the amount of the debt; and a foreclosure of the lien of the mortgage was ordered in the usual manner, the land being described in the decree, with no mention of any interest therein, less than the whole, being ordered to be sold.

The instant suit was filed on January 14, 1947.

While appellant testified that he did not learn of the foreclosure proceeding until in 1937, the year after the decree was rendered, there was abundant evidence to justify the lower court in finding that appellant knew of the foreclosure suit *before* the decree was rendered. Appellant was all the while living in Little Rock, and his brother, the administrator, and other members of the family served with summons, were living in Jefferson county. It is difficult to believe that appellant was not fully cognizant of the pendency of the suit, as the testimony on behalf of appellee shows that he was.

Appellant cannot be heard to say that he did not understand that his interest in the land was involved in

the foreclosure. He was made a party to that suit, and this fact was sufficient to put him on notice that an attempt was being made to foreclose his interest. Furthermore, the administrator of the estate of S. L. Woolfolk, deceased, was made a party and a judgment rendered against this administrator which would have authorized a sale of the land being made under order of the probate court. Appellant was thus put on notice that a sale of the entire interest—not merely a five-sixth interest therein—was being sought by appellee.

Appellant waited for more than nine years after he knew of the suit to which he was a party, and for more than nine years after appellee received a deed conveying to it the land—during which period appellant has been excluded from possession and from enjoyment of any part of the rents—before he asserted his right to any interest in the land. While ordinarily the possession of one tenant in common is not adverse to the rights of another tenant in common, this principle does not help the position of appellant because it was shown that the possession of appellee has all the while been under a claim of entire and exclusive ownership. *Hill* v. *Cherokee Construction Company,* 99 Ark. 84, 137 S. W. 553; *Jones* v. *Morgan,* 196 Ark. 1153, 121 S. W. 2d 96. Even if we assume—as appellant contends—that appellant became a co-tenant with appellee upon the completion of the foreclosure, nevertheless there are ample facts in the record here to support the chancery court's decree that appellant is barred. The facts here bring this case within the rule of such cases as *Landman* v. *Fincher,* 196 Ark. 609, 119 S. W. 2d 521; *Wilson* v. *Storthz,* 117 Ark. 418, 175 S. W. 45; and *Parsons* v. *Sharpe,* 102 Ark. 611, 145 S. W. 537.

The decree of the lower court is affirmed.